IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| MOUNTAIN VALLEY PIPELINE, LLC, )<br>)<br>    Plaintiff, )<br>)<br>v. )<br>)<br>3.70 ACRES OF LAND, OWNED BY )<br>DAVID J. WERNER, BETTY B. WERNER, )<br>IAN ELLIOT REILLY, AND CAROLYN )<br>ELIZABETH REILLY, )<br>)<br>    Defendants. ) | Civil Action No. 7:19-cv-00180<br><br>By: Elizabeth K. Dillon<br>    United States District Judge |

**MEMORANDUM OPINION**

This matter is before the court on defendants' motion for attorneys' fees lien resolution (Dkt. No. 11) and a subsequent motion for recovery of attorneys' fees in quantum meruit filed by the law firm of Lollar Law, PLLC, former counsel for the defendants in this matter (Dkt. No. 20). Magistrate Judge Robert S. Ballou issued a Report and Recommendation (R&R) that Lollar Law's motion be granted in part and denied in part and that Lollar Law be awarded $20,000 in attorneys' fees. (R&R, Dkt. No. 34.) Lollar Law objected to the R&R. (Dkt. No. 37.)[1]

After de novo review of the pertinent portions of the record, the report, and the filings by the parties, in conjunction with the applicable law, the court agrees with Judge Ballou's recommendation. Accordingly, the court will adopt the R&R, grant in part and deny in part both motions and award $20,000 in attorneys' fees to Lollar Law.

I. BACKGROUND

The court adopts the recitation of facts and procedural background as set forth in the report. (R&R 1–5.) For present purposes, the court notes that defendants David J. Werner, Betty B.

---

[1] Defendants filed a response to Lollar Law's objection. To the extent that defendants' filing is intended to also be an objection to the magistrate judge's R&R, the objection is untimely.

Werner, Ian E. Reilly, and Carolyn E. Reilly (the Werner Reillys) retained Lollar Law in August 2017 to represent them in connection with this eminent domain action filed by Mountain Valley Pipeline (MVP).  MVP condemned a temporary and permanent easement on the Werner Reilly property to construct a natural gas pipeline.  The Werner Reillys entered into a fee agreement in which they agreed to pay Lollar Law "a contingent fee equal to one-third of any recovery . . . above the initial written offer by MVP of $51,253.13."  (Dkt. No. 20-1.)  Lollar Law represented the Werner Reillys from August 2017 until January 2019, when Lollar Law was permitted to withdraw due to "irreconcilable differences."  (Case No. 7:17-cv-492, Dkt. No. 1139.)

As attorney for the Werner Reillys, and for many other landowners involved in the MVP litigation, Lollar Law challenged the right of MVP to proceed by eminent domain.  Lollar Law also defended the Werner Reillys from an injunction enforcement motion filed by MVP, which claimed that the Werner Reillys interfered with MVP's construction activities in violation of this court's immediate possession order.  The Werner Reillys were found in contempt and fined $2,000.  Lollar Law also successfully secured disbursement of the cash bond funds posted by MVP on behalf of the Werner Reillys.

As to just compensation, MVP and the Werner Reillys engaged in mediation in August 2018, but the case did not settle.  By letter dated November 2, 2018, the Werner Reillys expressed their desire to terminate Lollar Law as counsel and sell their entire property to MVP, instead of being compensated for the taking of the temporary and permanent easements.  Lollar Law was permitted to withdraw in January 2019, and the Werner Reillys obtained Joseph V. Sherman as new counsel.  Represented by Mr. Sherman, the Werner Reillys sold their entire property to MVP for $525,000.  Sherman agreed to assume Lollar Law's contingency arrangement and reduce his fee by any amount ultimately owed to Lollar Law.

## II. DISCUSSION

### A. Standard of Review

Under Rule 72(b)(3) of the Federal Rules of Civil Procedure, a district judge is required to "determine de novo any part of the magistrate judge's disposition that has been properly objected to." The de novo requirement means that a district judge must give "fresh consideration" to the objected-to portions of the magistrate judge's report and recommendation. *See Wilmer v. Cook*, 774 F.2d 68, 73 (4th Cir. 1985); *United States v. Raddatz*, 447 U.S. 667, 675 (1980). "The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or recommit the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3). Objections made to the report must be made with "sufficient specificity so as reasonably to alert the district court of the true ground of the objection." *United States v. Midgette*, 478 F.3d 616, 622 (4th Cir. 2007). General or conclusory objections are the equivalent of a waiver. *Id.*

### B. Analysis

As the magistrate judge explained, when "an attorney employed under a contingency fee contract is discharged without just cause and the client employs another attorney who effects a recovery, the discharged attorney is entitled to a fee based upon quantum meruit for services rendered prior to discharge . . . ." *Heinzman v. Fine, Fine, Legume & Fine*, 234 S.E.2d 282, 286 (Va. 1977).[2] The parties do not dispute that Lollar Law is entitled to a reasonable fee for work performed that relates to the eminent domain proceeding filed in this court. The only dispute is the value of the services calculated on a quantum meruit basis.

---

[2] Virginia law applies, and the court has jurisdiction to resolve this dispute. *See, e.g.*, *Atl. Coast Pipeline, LLC v. 10.61 Acres*, Civil Action No. 3:18-cv-00071, 2019 WL 5104755, at *2 (W.D. Va. Oct. 11, 2019) (explaining that the Fourth Circuit and "district courts within the Fourth Circuit have held that district courts may exercise supplemental (or ancillary) jurisdiction over attorney's fees disputes that are related to the underlying action") (collecting cases).

### 1. Quantum Meruit

In arriving at a fee award of $20,000, the magistrate judge identified $275 as a reasonable "blended" hourly rate and 62.5 hours as a reasonable number of hours worked on this case. This yielded $17,187.50 as a "starting point for determining the quantum meruit award." (R&R 12.) Applying the factors set forth in *Campbell County v. Howard*, 112 S.E. 876 (Va. 1992), the magistrate judge adjusted the award upward to $20,000. (R&R 13.) The *Campbell County* factors are:

> the amount and character of the services rendered, the responsibility imposed; the labor, time, and trouble involved; the character and importance of the matter in which the services are rendered; the amount of the money or the value of the property to be affected; the professional skill and experience called for; the character and standing in their profession of the attorneys; and whether or not the fee is absolute or contingent, it being a recognized rule that an attorney may properly charge a much larger fee where it is to be contingent than where it is not so. The result secured by the services of the attorney may likewise be considered; but merely as bearing upon the consideration of the efficiency with which they were rendered, and, in that way, upon their value on a quantum meruit, not from the standpoint of their value to the client.

112 S.E. at 885. These factors provide for a "lodestar fee," which equals the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate. *Morris Law Office, P.C. v. Tatum*, 388 F. Supp. 2d 689, 715 (W.D. Va. 2005).

Before the magistrate judge, Lollar Law submitted billing records totaling 346.3 hours and proposed a blended rate of $189 per hour for a total fee award of $65,500, but in a post-hearing memorandum, Lollar Law requested a rate in excess of $300 per hour. (R&R 7–8.) In its objection, Lollar Law urges the court to enter an order for a total fee award of $65,500, thus implying that it still seeks a blended rate of $189 per hour. Setting aside the fact that it would appear nonsensical

for Lollar Law to want a lower hourly rate than recommended by the magistrate judge, Lollar Law did not provide any specific argument addressing the magistrate judge's finding that $275 per hour is a reasonable hourly rate. On the court's de novo review, the court agrees with the magistrate judge that this is a reasonable hourly rate. *See MVP v. 2.93 Acres* (*Waldron*), Civil Action No. 7:19-cv-00150, 2019 WL 6833665, at *3 (W.D. Va. Dec. 13, 2019) (finding that a blended rate of $275 for Lollar Law working under identical contingent fee agreement was reasonable).

Regarding the number of hours, the 346.3 hours submitted consisted of 303.2 hours by Chuck Lollar, the senior attorney with over 40 years of experience, and 43.1 hours by Chip Lollar, a practicing attorney since 2015. The magistrate judge found this number of hours to be "excessive." (R&R 9.) According to the magistrate judge, the records contained numerous flaws, including "lumping multiple tasks together under a single time entry, inadequate description of the tasks performed, and failing to clearly identify when a single task or entry benefitted multiple clients." (*Id.*)

The magistrate judge noted that the time in the billing records was primarily divided between the following: (1) a survey lawsuit in the Franklin County Circuit Court; (2) the immediate possession lawsuit in federal court; (3) the contempt proceeding for violating the court order of immediate possession; and (4) drawdown of funds on deposit. (*Id.* at 9–10.) Regarding the survey lawsuit, the magistrate judge recommended that the court decline to exercise supplemental jurisdiction to determine appropriate fees because it was unrelated to this eminent domain lawsuit; this court is "wholly unfamiliar" with the survey lawsuit litigation, and "lacks any context" for evaluating Lollar Law's claim for attorneys' fees; and the survey lawsuit is outside the scope of the contingency fee arrangement. (*Id.* at 5.) Thus, the magistrate judge recommended cutting the 42 requested hours for time spent on the survey lawsuit. As to the immediate possession lawsuit, the

time records totaled approximately 174 hours of attorney time, which Lollar Law indicated was devoted "exclusively" to the Werner Reillys. (*Id.* at 10.) To the contrary, the records for those time entries (between December 1, 2017, and April 20, 2018) include entries that represent time spent on behalf of all 68 of Lollar Law's clients in the immediate possession lawsuit. (*Id.*) Thus, the magistrate judge recommended reducing the pro rata portion of the work performed to 2.5 hours. (*Id.*) The magistrate judge then reduced the hours for tasks performed for the Werner Reillys individually, including the contempt proceeding, the draw down request, mediation, and other travel and communication to a total of 60 hours. (*Id.*) This was primarily due to "inadequate documentation reflected by block billing and vagueness . . . ." (*Id.* at 10–11.) Further, the magistrate judge recommended that the time spent on the contempt proceeding be reduced "substantially" because Lollar Law acted as co-counsel, and the motion was handled by another attorney. (*Id.* at 11.) "It is problematic to award Lollar Law the full fee sought when a different attorney also traveled to Roanoke to handle it, and the nature of that proceeding did not require multiple attorneys." (*Id.*)

      The magistrate judge then reasoned that awarding $17,187.50, using an attorney fee rate of $275, "would not sufficiently account for the contingent nature of the representation in this case, especially when considered with other factors in the quantum meruit analysis." (*Id.* at 12.) The magistrate judge took note of the fact that the blended hourly rate stood between the divergent rate requests of Lollar Law's two attorneys. (*Id.*) The magistrate judge also considered the amount and character of the services rendered and the labor and time involved, noting that the responsibility and importance of the matter were significant—the "Werner Reillys' land was at issue, which carried emotional significance and value to the family, especially under the circumstances of a natural gas pipeline easement," and "[e]minent domain involves a specialized and complicated area of law, and

6

Lollar Law has established themselves as qualified to skillfully represent clients." (*Id.* at 13.) Finally, the magistrate judge reasoned that Lollar Law's failure to reach a settlement for the Werner Reillys does not mean that Lollar Law did not capably represent them, but it does provide support for the reduction in hours. (*Id.*) Thus, the magistrate judge recommended pushing the fee award up to $20,000. (*Id.*)[3]

### 2. Lollar Law's objections

Lollar Law objects to the reduction in hours for block billing. Taking account that the magistrate judge recommended omitting 42 hours worked on the survey lawsuit, and 171.5 hours were reduced due to representing multiple clients in the immediate possession lawsuit, the magistrate judge reduced the remaining 132.8 hours (out of 346.3) by 50% to 65.2. Lollar Law then cites cases that reduce fee awards by 5–15% for block billing, reasoning that a 50% reduction is "substantially excessive and way beyond what is considered reasonable per applicable federal law." (Lollar Law's Objections 3, Dkt. No. 37.) The cases cited by Lollar Law do not stand for the proposition that a 50% reduction is per se unreasonable. Instead, the percentage reductions adopted by those courts were based on the circumstances presented by the fee requests under consideration. *See, e.g.*, *Denton v. PennyMac Loan Servs., LLC*, 252 F. Supp. 3d 504, 526 (E.D. Va. 2017) ("Having evaluated Plaintiff's billing records, the Court will exercise its discretion to reduce [the requested] hours by ten percent due to block billing entries."); *Project Vote/Voting for Am., Inc. v. Long*, 887 F. Supp. 2d 704, 717 (E.D. Va. 2012) ("[I]n light of the inexact documentation and the resulting inability of the court to properly assess the reasonableness of the time requested . . . the

---

[3] The magistrate judge also recommended not awarding costs because, while the contingency fee agreement provided the Werner Reillys are responsible for costs, the fee agreement was terminated. (R&R 13–14.) Further, Lollar Law did not provide sufficient documentation to support its cost request. (*Id.* at 14.) Lollar Law asks the court to award costs but provides no argument as to why the magistrate judge's reasoning was in error. After de novo review, the court will adopt the magistrate judge's reasoning and recommendation pertaining to costs.

court will apply a fixed percentage reduction of 10 percent to the fee award in this case."). Moreover, the reduction from 132.8 to 65.2 hours was not solely based on block billing. The magistrate judge "substantially" reduced the amount requested for the contempt proceeding because Lollar Law acted as co-counsel and the motion was primarily argued by another attorney. In any event, Lollar Law does not attempt to justify or explain how its "pervasive block billing" does not, as the R&R explains, prevent "meaningful review." (R&R 13.) While the "traditional remedy for block billing is to reduce the fee by a fixed percentage reduction," *Denton*, 252 F. Supp. 3d at 525, the court agrees with the methodology used by the magistrate judge and will adopt the recommended reduction.

Lollar Law also objects to the pro rata reduction for the immediate possession lawsuit. Lollar Law asserts that the R&R "does not indicate how it arrived at the determination that Lollar Law represented '68 different clients,'" and moreover, the R&R "also does not take into account that certain named clients represented by Lollar Law owned property jointly and some clients presumably required more time and effort from Lollar Law . . . than others." (Lollar Law's Objections 4.) If the R&R's finding that Lollar Law represented 68 different clients is incorrect, then how many clients *did* Lollar Law represent? Lollar Law does not say.[4] Lollar Law is also silent as to whether the Werner Reillys were a client that "required more time and effort" than other clients. In any event, the magistrate judge accounted for other entries that reflected "tasks performed for the Werner Reillys individually." (R&R 10.) Finally, Lollar Law claims that the pro rata reduction is "not supported by applicable law," (Lollar Law's Objections 4 n.2.), but the cases

---

[4] The R&R found that Lollar Law represented "approximately 68 different clients." (R&R 10.) On the court's de novo review of the docket sheet in the main pipeline case (Case No. 7:17-cv-492), the court counted that Lollar Law was listed as counsel for 75 different clients. Because the Werner Reillys did not object to this (or any) finding in the R&R and because the difference in the pro rata distribution would be de minimis, the court will adopt the R&R's finding of 68 clients and corresponding pro rata distribution.

8

Lollar Law cites do not support this proposition. *See Robinson v. Nat'l Credit Sys., Inc.*, Case No. 2:17-cv-386-FtM-38CM, 2019 WL 468580, at *3 (M.D. Fla. Jan. 22, 2019) (stating that "the Eleventh Circuit has made clear 'fees must not always, or even usually, be apportioned'") (quoting *Council for Periodical Distribs. Assoc. v. Evans*, 827 F.2d 1483, 1487 (11th Cir. 1987)). In *Robinson*, the plaintiffs sought a fee award from one defendant in a multi-defendant lawsuit. *See id.* ("NCS argues that as a matter of law, Plaintiffs cannot recover fees and costs incurred pursuing claims against the other Defendants."). In *Evans*, cited by *Robinson*, the issue was whether an award of attorney fees should be enforceable against defendants who did not actively participate in a constitutional violation. 827 F.2d at 1487 ("In cases where two or more defendants actively participated in a constitutional violation, it will frequently be appropriate to hold all defendants jointly and severally liable for the attorney's fees."). These cases are different from the situation here, where Lollar Law is attempting to recover fees for work simultaneously performed for multiple clients. The court will overrule the objection and adopt the pro rata reduction for the immediate possession lawsuit.

Finally, Lollar Law argues that the court should exercise supplemental jurisdiction over its request for attorney fees in the survey lawsuit. Lollar Law argues that the survey lawsuit, brought by MVP to gain entry and perform surveys on the Werner Reillys' property required by the Federal Energy Regulatory Commission, was a prerequisite to MVP's lawsuit under the Natural Gas Act. Even so, the court agrees with the magistrate judge's assessment that the court lacks context to evaluate a request for fees for work performed in a state court lawsuit.

### III. CONCLUSION

After a review of the record, the court concludes that Lollar Law is entitled to $20,000 in attorneys' fees in quantum meruit for legal services performed. The court will issue an appropriate

order.

Entered: November 30, 2020.

/s/ Elizabeth K. Dillon

Elizabeth K. Dillon
United States District Judge

10